IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND EDWARD GILL          *

Plaintiff                    *

v                            *    Civil Action No. RDB-17-3024

LAW OFFICE OF MURTHA, PSORAS *
AND LANASA, LLC
                             *
Defendant

\*\*\*

## MEMORANDUM OPINION

The above-entitled complaint was filed on October 16, 2017, and seeks damages of 1.1 million dollars against the law firm employing Plaintiff's criminal defense attorney. ECF 1. Plaintiff asserts that "attorney Murtha" is violating his right to due process of law by denying him access to his trial transcripts following completion of his appeal. Plaintiff claims that Murtha is doing this in order to hamper his efforts to file a Motion to Vacate pursuant to 28 U.S.C. §2255 in which he intends to allege ineffective assistance of counsel. *Id.* The only defendant named is the law firm and the complaint is filed pursuant to 42 U.S.C. §1983.

Under 42 U.S.C. §1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured . . ." The law firm named as the only defendant is not a person, but even assuming Plaintiff intended to sue the attorney that represented him at trial, the defect is not cured. Privately retained attorneys do not act under color of state law even if they are appointed by the court. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976); *see also Hall v. Quillen*, 631 F.2d 1154,

1155 (4th Cir. 1980). In addition, public defenders do not act under color of state law when representing criminal defendants. *See Polk County v. Dodson*, 454 U.S. 312, 453 – 54 (1981). Counsel's failure to provide Plaintiff with court documents does not constitute conduct under color of law. Additionally, Plaintiff does not have an unfettered general right to a copy of his trial transcripts or other court documents. Copies of court records may be provided to an indigent litigant at government expense upon a showing by the litigant of a particularized need for the documents. *Jones v. Superintendent, Va. State Farm*, 460 F.2d 150, 152-53 (4th Cir. 1972). An indigent is not entitled to copies merely to comb the record in the hope of discovering some error. *See United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963).

Thus, the complaint fails to state a claim upon which relief may be granted and must be dismissed pursuant to 28 U.S.C. §1915(e)(2) which instructs that a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i)is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Dismissal of a complaint filed by a prisoner, such as Plaintiff, for failure to state a claim requires a "strike" under the provisions of 28 U.S.C. §1915(g).[1] This will be the third strike earned by Plaintiff. *See Gill v. United States, et al.*, Civ. Action JFM-13-3071 (D. Md. 2013), *Gill v. Ciambruschini, et al.*, Civ. Action JFM-17-32 (D. Md. 2017). Plaintiff will henceforth be required to show that he is in imminent danger of physical harm or pay the full civil filing fee before any civil complaint filed by him in the future may be considered. *See* 28 U.S.C. §1915(g).

---

[1] The statute provides that a prisoner litigant will not be granted in forma pauperis status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).

A separate Order follows.

OCTOBER 18, 2017
Date

/s/ Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE